IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF MARYLAND

CAPITOL RADIOLOGY, LLC            :
                                  :
                                  :
    v.                            :  Civil Action No. DKC 2005-3298
                                  :
DIMENSIONS HEALTH CORP.            :
                                  :

                           **MEMORANDUM OPINION**

   Presently pending and ready for resolution is Plaintiff's motion to reconsider, vacate and set aside order granting in part defendant's motion for attorney's fees. (Paper 58). The issues are fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

   Now represented by new counsel, Plaintiff moves for reconsideration of the court's earlier decision to award attorney's fees to Defendant in the amount of $28,614. Essentially, Plaintiff contends that it should not be held responsible for the derelictions of its former counsel in two regards: first, it should be permitted to file a motion to reconsider well after the normal ten day limit, and it should not have to pay attorney's fees based in part on the conduct of its counsel.

   Today it is beyond question that a party is bound by its attorney's acts. The Supreme Court long ago stated:

> There is certainly no merit to the contention
> that dismissal of petitioner's claim because
> of his counsel's unexcused conduct imposes an

> unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 [(1879)].

*Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962).  The Court also observed that "[i]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Link*, 370 U.S. at 634 n.10.

The Fourth Circuit has applied that concept in upholding the denial of a Rule 60(b) motion:

> Likewise, we need spend little time on Wang's contention that the district court erred in denying its Rule 60(b) motion. There, Wang argued that it was entitled to relief from the judgment because of its counsel's wilful neglect in failing to raise the "new value" defense at trial. Of course, attorney malfeasance which actively misleads a client or is comparably culpable might successfully ground a Rule 60(b) motion. However, as we stated in *Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989), "a lawyer's ignorance or carelessness do [sic] not present cognizable grounds for relief under [Rule] 60(b)."  We, therefore, affirm the district court's judgment that "poor

>     lawyering" by Wang's counsel cannot properly
>     ground his Rule 60(b) motion.

*In re Virginia Information Systems Corp.*, 932 F.2d 338, 342 (4th Cir. 1991), *abrogated on other grounds by Barnhill v. Johnson*, 503 U.S. 393 (1992).

Plaintiff has argued that it is being punished for prior counsel's "inept handling" of the case and should not have to pay Defendant's attorney's fees on top of its own.  As noted above, however, it would be even more inequitable to visit the "sins" of its own counsel choice on the opposing party.

Plaintiff's motion will be denied by separate order.

                                                                      _____/s/_____
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge